IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JACKSON BRYANT BAUGUS,<br><br>Plaintiff,<br><br>vs.<br><br>MARK WERNER, Attorney at Law; ROBERT STEVENS, Jr., Attorney at Law; MARK T. ERREBO, Attorney at Law; BRYAN B. NORCROSS, Attorney at Law; JAMES E. BOLAND, Attorney at Law; JAMES SEYKORA, Attorney at Law; AND OTHER UNNAMED JOHN DOES,<br><br>Defendants. | CV 15-00024-BLG-SPW-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Jackson Baugus's proposed Complaint (*ECF 1*) and Motion to Proceed in Forma Pauperis (*ECF 3*). Baugus alleges his attorneys failed to prevent the seizure of cash and property thus depriving him of due process of law. *Complaint, ECF 1 at 1.* The motion to proceed in forma pauperis will be granted but the Complaint should be dismissed based upon the issue preclusion doctrine, Baugus's failure to file within the applicable statute of limitations, and his failure

1

to name a proper party defendant.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. Baugus has attempted to present a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). He asserts there is supplemental jurisdiction over his state tort claims pursuant to 28 U.S.C. § 1367. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Baugus submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). *ECF 3*. The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Baugus must pay the statutory $350.00 filing fee. Baugus has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be

altered. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Baugus will be directed to forward payments from Baugus's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. Parties

Baugus is a federal prisoner proceeding without counsel. He names the following Defendants: Mark Werner, Attorney at Law; Robert Stevens, Jr., Attorney at Law; Mark T. Errebo, Attorney at Law; Bryan B. Norcross, Attorney at Law; James E. Boland, Attorney at Law; James Seykora, Attorney at Law; and Other Unnamed John Does. *Complaint, ECF 1 at 2.*

Defendants Werner, Stevens, Errebo, and Norcross are listed as Baugus's defense attorneys in his criminal case. *See Criminal Action No. 02-cr-133-BLG-SEH.* Mr. Boland was appointed as one of the Class counsel by the Montana Eighth Judicial District Court, Cascade County to represent the plaintiff class in a Class action lawsuit which included

Baugus as a plaintiff.  *Complaint, ECF 1 at 8; Criminal Action No. 02-cr-133-BLG-SEH, Answer of Garnishee, ECF 162*.  James Seykora was an Assistant United States Attorney who prosecuted Baugus in Criminal Action No. 02-cr-133-BLG-SEH.

**B. Allegations**

Baugus alleges his defense attorneys and other unnamed John Does failed in their duty to prevent the taking of $7,724.00 of seized cash, $72,651.88 in settlement proceeds, and approximately $4,800.00 in uncashed checks, money orders, and other negotiable instruments thus depriving Baugus of due process of law.  *Complaint, ECF 1 at 1*.

Baugus alleges he had $7,724.00 in his possession when he was arrested on November 10, 2002.  The cash was confiscated and turned over to government agents.  He was subsequently charged with 21 U.S.C. § 853 criminal forfeiture along with a number of other criminal charges.  Baugus was convicted in 2003 on federal charges and his sentence included a fine of $75,000 and a $400 special assessment.  *Criminal Action No. 02-CR-00133-SEH, ECF 103*.  He alleges the jury said no to the forfeiture of the $7,724.00 in seized cash but the

4

government did not return this money and his attorney, Mark Errebo refused to ask for the money back. *Complaint, ECF 1 at 4.*

On August 21, 2006, the United States applied to garnish a class action civil settlement award Baugus received in order to pay the fine and special assessment. *Criminal Action No. 02-CR-00133-SEH, ECF 157.* A Writ of Garnishment was issued on August 23, 2006. *Criminal Action No. 02-CR-00133-SEH, ECF 158.* Baugus was given notice of post-judgment garnishment on or about August 21, 2006 but he was not aware that he had been awarded a class action settlement in the amount of $72,651.00 at that time. *Complaint, ECF 1 at 5, ¶ 15.* He was not notified of the class action award until after September 10, 2006. *Complaint, ECF 1 at 5, ¶ 17.* Baugus filed a motion for counsel and motion for hearing attempting to challenge the garnishment but the motions were denied. *Complaint, ECF 1 at 5-6, ¶¶ 19-20.* On June 15, 2010, Judge Haddon ruled that the $7,724.00 seized from Baugus on November 10, 2001 was to be applied to the fine imposed on Baugus. *Complaint ECF 1 at 4-5, ¶ 11; see also Criminal Action No. 02-cr-133-BLG-SEH, ECF 222.*

5

Baugus has twice appealed the garnishment issue and the Ninth Circuit affirmed the district court's decision on both appeals. *United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009)(court did not err in denying Baugus's motion for counsel, for a hearing, to reconsider and to vacate prior order regarding garnishment of $72,651.00); *United States v. Baugus*, 463 Fed.Appx. 638 (9th Cir. 2011)(court did not err in applying $7,724.00 in seized funds to an unsatisfied fine of $75,000.00). In addition, Baugus filed a similar civil action in this Court in 2012 against Judge Sam Haddon, Thomas Boland, and Victoria Francis alleging the wrongful garnishment of the $72,651.88. *See Civil Action No. 12-cv-109-BLG-RFC-CSO.* The Court found that Baugus's claims were time-barred and issue-precluded, that Judge Haddon and Ms. Francis were absolutely immune from suit, and Mr. Boland could not be liable under federal law because he was not a state actor. *Civil Action No. 12-cv-109-BLG-RFC-CSO, October 4, 2012 Order adopting Findings and Recommendations of U.S. Magistrate Judge, ECF 8.*

Baugus alleges his counsel was inadequate and ineffective by allowing the seizure of his money thus denying him both liberty and

property in violation of his right to due process and equal protection of the laws. *Complaint, ECF 1 at 7, Claim #1.* He alleges class action counsel, Thomas Boland, was ineffective when he facilitated the seizure of the $72,651.88 class action award by federal officials in violation of Baugus's constitutionally guaranteed rights. *Complaint, ECF 1 at 8, Claim #2.* He also alleges he was denied due process and equal protection as guaranteed in the Fourth, Fifth and Sixth Amendments when he was denied a hearing and the appointment of legal counsel at the urging of the AUSA. *Complaint, ECF 1 at 9, Claim #3.*

### IV.  28 U.S.C. §§ 1915(e)(2) REVIEW

Baugus is a federal prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint

fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants

unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

As decided by the Court in the 2012 civil action raising nearly identical issues, Baugus's claims are barred by issue preclusion, statute of limitations, and his failure to name a proper defendant.

### A. Issue Preclusion

Baugus's claims are barred by the doctrine of issue preclusion because Judge Haddon issued a final judgment on the garnishment issue in 2006 and that decision has been upheld twice by the Ninth Circuit Court of Appeals. The propriety of the writ of garnishment and the application of seized funds was fully litigated and decided in Baugus's criminal case, the issues raised here are identical to the issues in the criminal case, and Baugus was a party to the criminal action. *See Af–Cap Inc., v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cit. 2007)(Issue preclusion applies when: "(1) the issue necessarily

decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.").

Baugus cannot relitigate the garnishment of his class action settlement proceeds or the application of the seized funds to his criminal fines in this action.

**B. Statute of Limitations**

Baugus's claims are also barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. The Ninth Circuit has held that a state's applicable tort statute of limitations applies in claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) as well. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). In Montana, the statute of

limitations governing personal injury actions is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1).

Baugus is complaining about incidents which occurred in 2006, nearly nine years prior to the filing of this action. Accordingly, this matter is barred by the applicable statute of limitations.

**C. Defendants**

Lastly, the named Defendants are either entitled to immunity or are not proper defendants in this federal action.

**1. James Seykora--Prosecutorial Immunity**

A prosecutor is entitled to absolute immunity from liability for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In order to determine whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

The only allegation presumably against Seykora is that he urged

the Court to deny Baugus's motions for appointment of counsel and a hearing. *Complaint, ECF 1 at 9, Claim #3*. Making arguments regarding pending motions is activity intimately associated with the judicial phase of the criminal proceedings. Defendant Seykora is entitled to prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997).

## 2. Private Attorneys–Not State or Federal Actors

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum*, 940 F.2d at 409.

The majority of the named Defendants are private attorneys appointed to represent Baugus in his criminal proceedings or appointed by the state court in a class action. These are not persons acting under color of state or federal law. *See Polk County v. Dodson,* 454 U.S. 312

(1981) (public defenders do not act "under color of state law" when performing traditional lawyer duties).

Even if Baugus could prove these attorneys somehow violated his rights under the United States Constitution, he cannot state a federal claim for damages against them because there would be no state or federal action. All claims against Defendants Werner, Stevens, Errebo, Norcross, and Boland will be recommended for dismissal.

## VI. CONCLUSION

### A. Leave to Amend

Baugus's claims are barred by issue preclusion and the applicable statute of limitations; Defendant Seykora is entitled to prosecutorial immunity; and Defendants Werner, Stevens, Errebo, Norcross, and Boland are not a state or federal actors subject to suit under 42 U.S.C. § 1983 or *Bivens*. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be

> financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify

14

that any appeal of this matter would not be taken in good faith.

## C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Baugus's claims are frivolous and malicious. He is complaining of incidents which occurred far outside the applicable statute of limitations and he is attempting to challenge an issue that he has challenged many times before. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).[1]

## D. Address Changes

At all times during the pendency of this action, Baugus shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P.

---

[1]This strike will constitute Baugus's third strike under 28 U.S.C. § 1915(g). *See Civil Action Nos. 10-cv-61-BLG-RFC, 12-CV-109-BLG-RFC.*

41(b).

Accordingly, the Court issues the following:

**ORDER**

1. Baugus's Motion for Leave to Proceed in forma pauperis (*ECF 3*) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on March 30, 2015.

Further the Court issues the following:

**RECOMMENDATIONS**

1. Baugus's Complaint (*ECF 1*) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint

lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Baugus's Complaint is frivolous and malicious.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Baugus may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of May, 2015.

<div style="text-align: right;">

 /s/ Carolyn S. Ostby  
United States Magistrate Judge

</div>

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.