IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



JACKSON BRYANT BAUGUS,

Plaintiff,

vs.

MARK WERNER, Attorney at Law;
ROBERT STEVENS, Jr., Attorney at
Law; MARK T. ERREBO, Attorney at
Law; BRYAN B. NORCROSS,
Attorney at Law; JAMES E.
BOLAND, Attorney at Law; JAMES
SEYKORA, Attorney at Law; and
OTHER UNNAMED JOHN DOES,

Defendants.

CV 15-24-BLG-SPW

ORDER

In this action, Plaintiff Jackson Baugus brings claims against several attorneys. Baugus alleges that the attorneys deprived him of due process of law by failing to prevent the seizure of his cash and property. United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on May 14, 2015, in which she recommended that this Court dismiss Baugus's Complaint based upon the issue preclusion doctrine, Baugus's failure to file the Complaint within the applicable statute of limitations, and his failure to name a proper party defendant.

After adopting Judge Ostby's Findings and Recommendations without objection on June 9, 2015, this Court reopened the case and allowed Baugus until

1

July 9, 2015 to file objections. Baugus filed a document on August 3, 2015 entitled "Notice of Interlocutory Appeal." This Court construes it as an objection to the Findings and Recommendations. The objection was filed well past the July 9 deadline because Baugus initially mailed it to the wrong place.

This Court will consider Baugus's objections timely, and he is entitled to a de novo review to the portion of the Findings and Recommendations to which he objects. 28 U.S.C. § 636(b)(1). However, Baugus does not specifically object to any of Judge Ostby's conclusions. This Court still conducted a de novo review of the record and concludes that Judge Ostby did not commit error.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

2. The Complaint (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgement pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

5. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 7th day of August, 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge